IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No. 1:14-00213-CG-N-1 |
| | ) |
| SISAVANG PHOTHISAT, | ) |
| BOP Reg. #14060-003, | ) |
|     Defendant. | ) |

**REPORT AND RECOMMENDATIONS**

This action is before the Court on the "Motion for Declatory [sic] Relief pursuant to 28 USC 2201 & 2202 and Statutory Eligibility for a IHP Under 8 USC 1228(a)(3)(A) or in the Alternet [sic] Formation of a Remedy under 2202 a Sentence Reduction Akin to Smith v. USA, 27 F.3d.649 (DC 1994)" (Doc. 85) filed *pro se* by Defendant Sisavang Phothisat ("the Defendant"). The assigned District Judge has referred the motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Criminal Procedure 59, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (11/28/2018 electronic reference). *See* S.D. Ala. GenLR 72(b); (11/28/2018 electronic referral). Upon consideration, the undersigned will recommend to the Court that the subject motion (Doc. 85) be **DENIED**.

### I.  *Analysis*

#### a.  **Request for a Downward Departure**

The Defendant argues that, because he is allegedly ineligible for transfer to a community correctional facility under 18 U.S.C. § 3624(c) due to his status as a deportable alien,[1] he should be granted a downward departure in his sentence of

---

[1] Under 18 U.S.C. § 3624(c)(1), "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a

imprisonment under the reasoning of *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994), and similar cases.

"Under 18 U.S.C. § 3553(b), a district court may depart from the applicable [sentencing] guideline range if 'the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.' " *United States v. Hoffer*, 129 F.3d 1196, 1200 (11th Cir. 1997). The panel majority in *Smith* held that, under § 3553(b), "a sentencing court may depart below the range indicated by the Sentencing Guidelines where the defendant, solely because he is a deportable alien, faces the prospect of objectively more severe prison conditions than he would otherwise." 27 F.3d at 650. However, here the Court sentenced the Defendant to a term of imprisonment on May 18, 2015, with an amended written judgment reflecting this sentence having been entered June 11, 2015. (*See* Doc. 71). After a sentence of imprisonment is imposed,

> [t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute…Specifically, § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a

---

portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." However, under current BOP policy, "[i]nmates who are assigned a 'Deportable Alien' Public Safety Factor" are not "ordinarily" eligible for referral to community correctional programs. BOP Program Statement 7310.04, pp. 10-11 (1998) (https://www.bop.gov/policy/progstat/7310_004.pdf).

> sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see id.* § 3582(c)(2).

*United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). None of these three circumstances are implicated by the present motion. *See United States v. Beltran-Rengifo*, No. 614CR29ORL37DAB2, 2016 WL 8200518, at *2 n.2 (M.D. Fla. Aug. 3, 2016) (Dalton, J.) ("The Court also considered the case law submitted by Defendant in support of his Immigration Departure Request—*United States v. Razo–Nunez*, No. 13–3039, 2014 WL 1979877 (D.C. Cir. 2014) and *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994). These decisions involve the failure to consider a requested immigration departure *at the time of sentencing* and are therefore inapplicable here where Defendant seeks modification of a previously-imposed sentence.").

Regardless, the Defendant's claim that he is due a downward departure under the reasoning of *Smith* and like cases is without merit. Contrary to the holding of the D.C. Circuit Court of Appeals in *Smith*, which is not binding on this Court, the Eleventh Circuit Court of Appeals, whose published decisions are binding on this Court, has held "that a sentencing court may not depart downward for the purpose of taking a crime out of the definition of an aggravated felony in order to shield the defendant from the immigration consequences Congress has decided should follow from commission of such crimes…" *United States v. Maung*, 320 F.3d 1305, 1309 (11th Cir. 2003). *See also Reascos-Renia v. United States*, No. 17-12778-J, 2017 WL 6513752, at *2 (11th Cir. Oct. 4, 2017) (Rosenbaum, J., single-judge order denying a Certificate of Appealability) ("…*Smith* is not binding precedent in this

Circuit…Moreover, this Court has held that a defendant's alien status does not justify a downward departure at sentencing. *See United States v. Maung*, 320 F.3d 1305, 1308–10 (11th Cir. 2003) (citing to *United States v. Veloza*, 83 F.3d 380, 382 (11th Cir. 1996)), *overruled on other grounds by United States v. De Varon*, 175 F.3d 930 (11th Cir. 1999) (en banc) (holding that the fact a defendant's alien status rendered him ineligible to serve any part of his sentence in a halfway house did not justify a downward departure.)."), *cert. denied*, 138 S. Ct. 528 (2017).

Accordingly, the Defendant's request for a downward departure under the D.C. Circuit's reasoning in *Smith* is due to be **DENIED**.

### b. Request for Declaratory Relief

Title 8 U.S.C. § 1228 directs the Attorney General to "provide for the availability of special removal proceedings at certain Federal, State, and local correctional facilities for aliens convicted of [certain] criminal offense[s,]" and that "[s]uch proceedings shall be conducted…in a manner which eliminates the need for additional detention at any processing center of the [Immigration and Naturalization] Service and in a manner which assures expeditious removal following the end of the alien's incarceration for the underlying sentence." 8 U.S.C. § 1228(a)(1). Section 1228 further directs the Attorney General to "provide for the initiation and, to the extent possible, the completion of removal proceedings, and any administrative appeals thereof, in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony." 8 U.S.C. § 1228(a)(3)(A).

As alternative relief to a downward departure, the Defendant requests that the Court "declare[] the defendants [sic] statutory rights under title []8 USC 1228"[2] and fashion other appropriate remedies under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, to ensure that the Defendant receives an expedited "Institutional Hearing Program" hearing[3] prior to the expiration of his sentence of imprisonment so as to avoid further detention while awaiting removal proceedings – such as by "ordering the BOP to transfer the defendant to Immigration Detention on his 'Home Eligibility Date' " of October 5, 2021;[4] or by "order[ing] the BOP to conduct the defendants [sic] IHP at Rivers or transfer him to a BOP LOW Prison that does IHP." (Doc. 85 at 13).

---

[2] The Defendant erroneously cites "28" U.S.C § 1228, which is not a part of the United States Code.

[3] "Congress has directed the INS to identify and track deportable criminal aliens while they are still in the criminal justice system, and to complete removal proceedings against them as promptly as possible. See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104–132, §§ 432, 438(a), 110 Stat. 1273–1276; Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104–208, §§ 326, 329, 110 Stat. 3009–630 to 3009–631 (codified at 8 U.S.C. § 1228). The INS therefore established the Institutional Hearing Program (IHP) (subsequently subsumed under the 'Institutional Removal Program'). By 1997, the General Accounting Office found that nearly half of all deportable criminal aliens' cases were completed through the IHP prior to the aliens' release from prison." *Demore v. Kim*, 538 U.S. 510, 531 n.13 (2003). *See also Campos v. INS*, 62 F.3d 311, 313 n.1 (9th Cir. 1995) ("Under the Criminal Alien Institutional Hearing Program ('IHP'), the Executive Office for Immigration Review attempts to facilitate expeditious hearings for inmates in federal custody by centralizing disbursed inmate populations at designated Bureau of Prisons facilities.").

[4] "Home Eligibility Date" appears to refer to the date 6 months prior to a prisoner's projected release date at which time the prisoner would generally become eligible for home confinement under 18 U.S.C. § 3624(c)(2) ("The authority under [§ 3624(c)] may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.").

The Defendant, however, is due no such relief. First, a "declaratory judgment may only be issued in the case of an 'actual controversy.' 28 U.S.C.A. s 2201. That is, under the facts alleged, there must be a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests." *Wolfer v. Thaler*, 525 F.2d 977, 979 (5th Cir. 1976).[5] Without more, the Defendant's mere speculation that the conditions at his current place of incarceration will prevent a removal determination prior to his Home Eligibility Date, which he admits is almost 3 years away, is insufficient to demonstrate an "actual controversy" eligible for declaratory or injunctive relief.

Second, § 1228(a) explicitly states that "[n]othing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person[,]" 8 U.S.C. § 1228(a)(1), or "as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined." *Id.* § 1228(a)(3)(B).[6] Therefore, the Defendant has no enforceable rights under § 1228(a) to be declared.

---

[5] "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[6] *See Beltran-Rengifo*, 2016 WL 8200518, at *2 (rejecting similar request for relief).

Accordingly, the Defendant's request for declaratory relief is due to be **DENIED**, and the subject motion (Doc. 85) is therefore due to be **DENIED** in its entirety.[7]

### c. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it

---

[7] In making this determination, the undersigned is mindful that a "document filed *pro se* is "to be liberally construed…" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). To the extent the Defendant requests the Court remedy alleged unconstitutional conditions of confinement or BOP procedures, those causes of action are more appropriately asserted in a separate civil action for injunctive relief, or pursued through the BOP's Administrative Remedy Program. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) ("Inmates in respondent's position also have full access to remedial mechanisms established by the BOP, including suits in federal court for injunctive relief and grievances filed through the BOP's Administrative Remedy Program (ARP). See 28 CFR § 542.10 (2001) (explaining ARP as providing 'a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement'). This program provides yet another means through which allegedly unconstitutional actions and policies can be brought to the attention of the BOP and prevented from recurring. And…injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally.").

should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court certify that any appeal by the Defendant of the denial of the present motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[8]

## II.   *Conclusion & Recommendation*

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Criminal Procedure 59(b)(1), it is **RECOMMENDED** that the Defendant's "Motion for Declatory [sic] Relief pursuant to 28 USC 2201 & 2202 and Statutory Eligibility for a IHP Under 8 USC 1228(a)(3)(A) or in the Alternet [sic] Formation of a Remedy under 2202 a Sentence Reduction Akin to Smith v. USA, 27 F.3d.649 (DC 1994)" (Doc. 85) be **DENIED**.  It is further **RECOMMENDED** that the Court find the Defendant not entitled to proceed *in forma pauperis* on any appeal of this decision.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything

---

[8] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 8th day of January 2019.

>  */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**